IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

TERRY PITCHFORD                                                                                    PETITIONER

V.                                                                                          NO. 4:18CV2-MPM
PELICIA HALL and
ATTORNEY GENERAL JIM HOOD                                                         RESPONDENTS

### ORDER

Pending before the Court are several motions filed by counsel for death-row inmate Terry Pitchford: (1) a motion seeking federal habeas counsel's *nun pro tunc* appointment to January 3, 2018, the date on which the motion to appoint counsel was filed in this action; (2) a motion seeking permission to file a motion to approve litigation budget *ex parte* and under seal; (3) a motion for approval of the proposed litigation budget; (4) a motion for leave to amend the proposed litigation budget; and (5) an amended motion for approval of the proposed litigation budget. *See* Docs. #6, #7, #8, #11 & #12.

### Discussion

Current counsel filed a motion to be appointed in this matter on January 3, 2018, during the pendency of a motion for rehearing of the Mississippi Supreme Court's affirmance of the denial of post-conviction relief. *See* Doc. #1. On February 22, 2018, the Mississippi Supreme Court denied the motion for rehearing. *See* Doc. #6 at 1.[1] On February 27, 2018, the Court granted counsel's motion for appointment in this case. Doc. #5.

Counsel argues that appointment *nunc pro tunc* to January 3, 2018, is appropriate, as "[i]n recognition of counsel's possible responsibility for Mr. Pitchford's petition, after the January 3

---

[1] According to the online docket of the Mississippi Supreme Court, the mandate issued on March 1, 2018. *See* https://courts.ms.gov/appellate_courts/generaldocket.html (search using petitioner's last name "Pitchford" and first name "Terry", No. 2015-CA-01818-SCT) (last visited March 16, 2018).

filing, the undersigned attorneys continued foundational efforts in advancement of the case." Doc. #6. However, the statute governing the appointment of counsel in this action, 18 U.S.C. § 3599, anticipates that an inmate's state-court proceedings will generally be exhausted before federal habeas proceedings commence. *See, e.g., Harbison v. Bell*, 556 U.S. 180, 189-90 (2009). Pitchford's state-court proceedings were not finalized at the time he filed his initial motion for the appointment of counsel, which itself was not supplemented until January 30, 2018. *See Lawrence v. Florida*, 549 U.S. 327, 332 (2007) ("[A] state postconviction application 'remains pending' until the application has achieved final resolution through the State's postconviction procedures.") (citation omitted).

The Court notes that the federal limitations clock against Pitchford was not "ticking" during the pendency of his case in state court. *See* 28 U.S.C. § 2244(d)(2). The Court is hesitant to make a determination that habeas counsel should be appointed and compensated for work performed while Pitchford was still engaged in state-court proceedings, as any such work performed would have been a waste of federal funds had the state court granted rehearing. Therefore, the Court finds that neither the intent of § 3599, nor the concerns of federalism, encourage an earlier appointment of counsel in this case.

Next, the Court considers counsel's motion for leave to file a motion to approve litigation budget *ex parte* and under seal. The Judicial Conference of the United States encourages courts "to require appointed counsel to submit a proposed initial litigation budget for court approval that will be subject to modification in light of facts and developments that emerge as the case proceeds." 7A *Guide to Judiciary Policy* § 640.10. Such budgets "should be submitted *ex parte* and filed and maintained under seal." *Id.* at § 640.20(b). The Court, therefore, will grant counsel's motion for permission to file a motion to approve a litigation budget *ex parte* and under seal.

Finally, having considered counsel's motion to approve the amended litigation budget proposed in this case, the Court finds that it is excessive and should be denied. Because this Order is to be publicly filed, the Court is hesitant to expound on the subject other than to state that every fee and expense estimate provided by counsel appears unreasonable, and that there are numerous categories of fees and costs that can, and should, be minimized. This is particularly true given that the proposed budget only extends through the filing of the petition in this cause. Therefore, counsel should refile, *ex parte* and under seal, a revised motion for adoption of a proposed budget that reduces the fee and cost estimates that counsel has provided to date. Should the Court have any questions or concerns about the revised budget, it will make adjustments and/or consider a budgeting conference at that time.

## Conclusion

For the reasons set forth above, it is **ORDERED**:

That counsel's motion for *nunc pro tunc* appointment to January 3, 2018 [6] is **DENIED**.

That counsel's motions for leave to file a motion to approve litigation budget *ex parte* and under seal [7] [11] are **GRANTED**.

That counsel's *ex parte* motions to approve litigation budget [8] [12] are **DENIED** without prejudice to counsel's ability to refile the motion.

**THIS** the 27th day of March, 2018.

/s/ Michael P. Mills
UNITED STATES DISTRICT JUDGE