# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**TERRY PITCHFORD**                                                                            **PETITIONER**

**V.**                                                                                               **NO. 4:18-CV-00002-MPM**

**PELICIA HALL and**
**ATTORNEY GENERAL JIM HOOD**                                    **RESPONDENTS**

## ORDER ON PETITIONER'S MOTION
## FOR JURY DISCRIMINATION DISCOVERY

Before the Court is Petitioner's motion for jury discrimination discovery, which is opposed by Respondents. *See* Doc. #s 89, 92, 94. On January 2, 2019, the Court granted Petitioner's initial motion for leave to conduct discovery and ordered Respondents to produce thirteen categories of materials to Petitioner. *See* Doc. # 60. Pursuant to that Order, Respondents provided Petitioner with three disclosures, the first on February 1, 2019, then on February 11, 2019, and later on November 13, 2019.

Within the disclosure provided on November 13, 2019, Respondents produced the annotated venire lists used by District Attorney ("DA") Doug Evans and Assistant District Attorney ("ADA") Clyde Hill at Petitioner's trial. The annotated lists include notes as to each prospective juror's race and gender, among other remarks. Relying heavily on these lists, Petitioner now seeks further discovery related to his *Batson*[1] claims.[2]

In the instant motion, Petitioner seeks the following:

---

[1] *Batson v. Kentucky*, 476 U.S. 79 (1986).
[2] In his federal habeas petition filed on September 17, 2018, Petitioner sets forth a variety of *Batson* related arguments including a general claim that "the State exercised peremptory strikes in a racially discriminatory manner," and more specifically, that DA Evans' "extraordinary pattern and practice of *Batson* violations has perpetuated, for decades, grave Equal Protection violations in capital cases," and further that "*Batson* violations eliminated 80% of African-American venire in the empanelment of Mr. Pitchford's jury." *See* Doc. #36.

> (1) a list of all individuals employed by or contracting with the DA's Office for the Fifth Circuit Court District having any connection to Pitchford's prosecution in the two months preceding jury selection for his trial;
>
> (2) depositions of DA Doug Evans and ADA Clyde Hill, as well as every other employee or contractor identified in (1) above;
>
> (3) the production of any "notes, documents, or other work product" related to jury selection in Pitchford's trial;
>
> (4) the production of all completed juror questionnaires returned to the trial court and provided to the DA's office in February 2006;
>
> (5) the production of "any policy document, manual, guide, memoranda or other work product" concerning jury selection practices for the DA's office; and
>
> (6) the production of any file or documents "composing the DA's jury selection work product" with respect to 403 cases prosecuted in the Fifth Circuit Court District between 1992 and 2019.

*See* Doc. # 89. In opposition, Respondents argue that Petitioner's requests must be denied as the material sought is either irrelevant, protected by the work-product doctrine, or is otherwise overbroad and unduly burdensome.

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Rule 6 of the Rules Governing § 2254 Cases permits a district court to authorize a party to discovery upon a showing of "good cause." Such "good cause" is shown "where the specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." *Bracy*, at 908-909 (citation omitted).

Upon due consideration of the record, and having been fully apprised in the premises, the Court finds that Petitioner's motion [89] is **GRANTED in part and DENIED in part**. Petitioner's motion is **GRANTED** as follows:

(1) Within sixty days of the date of this Order, if possible, Petitioner is permitted to depose DA Doug Evans and ADA Clyde Hill regarding the aforementioned previously disclosed annotated venire lists; and

(2) Within thirty days of the date of this Order, if possible, Respondents must produce any and all completed juror questionnaires returned to the trial court in February 2006, to the extent that they have not already been produced.

Petitioner's other requests are predicated on the recent United States Supreme Court decision in *Flowers v. Mississippi*, 588 U.S. ___, 139 S. Ct. 2228 (2019), in which it held that the trial court committed clear error in concluding that the State's use of a peremptory strike was not motivated in substantial part by discriminatory intent, i.e. a *Batson* violation. *See Flowers*, 139 S. Ct. at 2251. Flowers had been tried six separate times for allegedly murdering four individuals. *Id.* at 2235. The sixth trial, at issue in the recent decision, resulted in a conviction and death sentence. *Id.* In coming to its conclusion, the *Flowers* Court emphasized the State's history of peremptory strikes in Flowers' prior trials. *Id*. at 2237-2238; 2245-2247.

Relying on *Flowers*, Petitioner makes much of the fact that the *same* District Attorney, Doug Evans, prosecuted *both* Flowers and Petitioner on murder charges and sought the death penalty in both prosecutions. The mere presence of these similarities, however, do not constitute "good cause," and, therefore, do not warrant discovery of the additional information sought. Accordingly, Petitioner's motion is **DENIED** in all other respects at this time.

**SO ORDERED** this, the 6th day of April, 2020.

/s/ Michael P. Mills
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**