UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**TERRY PITCHFORD**                                                                  **PETITIONER**

**V.**                                                          **NO. 4:18-CV-00002-MPM**

**BURL CAIN, MDOC Commissioner; and**
**LYNN FITCH, Attorney General for the state of Mississippi**       **RESPONDENTS**

### ORDER ON RESPONDENTS' MOTION TO DECLARE COMPLIANCE WITH DISCOVERY ORDER AND FOR ENFORCEMENT OF REVISED SCHEDULING ORDER

Before the Court is Respondents' Motion to Declare Compliance with Discovery Order and for Enforcement of Revised Scheduling Order, which is opposed by Petitioner. *See* Docs. #168, 180, 181, 182, 186. On January 2, 2019, the Court granted Petitioner's motion for leave to conduct discovery and ordered Respondents to produce the following thirteen categories of materials to Petitioner within thirty days:

1. Any statements given by Eric Bullins regarding the Britt investigation and Eric's criminal cases that were not included in the prosecution's file of the Britt case;

2. Any recorded or transcribed interview or statement given by Lewis Brooks and/or Gerald Gatlin in connection with the Britt investigation;

3. Any recorded or transcribed interview or statement given by Shawn Bullins related to the Britt investigation;

4. The recorded or transcribed statement of James S. Hathcock regarding the Britt investigation that was given in November 2004 in the Grenada County Jail, along with any records or evidence related to his release and the disposition of his case;

5. Any materials related to the testimony of Demarquis Westmoreland and/or Quincy Bullins in Petitioner's trial, including materials related to plea negotiations and/or agreements made to either in exchange for their testimony in Petitioner's case;

6. Datron Mitchell's November 2004 jail-house statements or interviews related to Petitioner, Eric Bullins, and/or the Britt investigation, along with any information and materials relating to the subsequent release and disposition of his criminal case;

7. Any arrest and subsequent proceeding records for any offense involving Stephanie Gray that occurred prior to Gray's testimony at Petitioner's trial;

8. The results of any DNA and serological tests done on the specimens designated for DNA testing in this case by Reliagene or any other lab;

9. Any information concerning the brown-handled .38 caliber revolver pictured in Exhibit 45 of the evidence marked at trial, including any physical examination of it, and/or its whereabouts after it was photographed at the crime scene;

10. Any information related to the .38 serial number 7808, including a trace against law enforcement databases of its prior ownership and testing for fingerprints;

11. Notes, ammunition boxes, or any other source material relied on by Steve Byrd not contained in the evidence in the possession of the Circuit Clerk;

12. Identification of any remaining crime scene evidence from the Crossroads Grocery Store and surrounding area collected by any entity or individual and not disclosed to Petitioner prior to or during his trial, including documentation records, notes, or any other evidence concerning the destruction of (or observation of the destruction of) evidence prior to the Mississippi Crime Lab's assumption of control of the scene; and

13. Any other favorable evidence to Petitioner not previously disclosed.

*See* Doc. #60.

Respondents subsequently provided Petitioner three disclosures responding to the Court's order, the first of those on February 1, 2019, then on February 11, 2019, and later on November 13, 2019. Further, on July 17, 2019, counsel for the parties met in Grenada, Mississippi, to conduct an in-person review of physical evidence in the custody of the Office the District Attorney for the Fifth Circuit Court ("DA's Office") and the Grenada County Sheriff's Office ("GCSO").

Then, on January 21, 2020, Petitioner filed a motion in which he renewed his initial request for discovery and further additionally requested supplemental discovery. Doc. # 83. In that motion, Petitioner argued that, while Respondents had produced a large number of materials, their disclosures remained inadequate and did not sufficiently comport with the Court's order. *See id.* In opposition, Respondents primarily responded that they had provided Petitioner all materials currently in the possession of the DA's office and GCSO, and anything else not provided simply does not exist anymore, i.e. has been lost over time, or never existed. Doc. # 90.

The Court ultimately granted in part and denied in part Petitioner's motion. Doc. # 93. In its Order, the Court directed Respondents to produce any remaining materials related to the thirteen categories, as set forth in the first order granting discovery, within thirty days, and further ordered the following supplemental discovery:

1. The depositions of Greg Conley of the GCSO and Robert Jennings of the DA's Office regarding the substance of any statements given by Eric Bullins related to the Britt investigation;

2. The depositions of Greg Conley and Carver Conley of the GCSO regarding the substance of any interviews or statements given by Lewis Brooks and/or Gerald Gatlin in connection with the Britt investigation;

3. The deposition of Greg Conley regarding the substance of any interview or statement given by Shawn Bullins and/or Eddie Johnson related to the Britt investigation;

4. Within thirty days, the production of any notes or records of any statements made by Eddie Johnson related to the Britt investigation;

5. The depositions of former Grenada County Sheriff Alton Strider and District Attorney Doug Evans about the substance of any statements made by James S. Hathcock regarding the Britt investigation and any additional information related to his release and the disposition of his case;

6. The deposition of the appropriate District Attorney or Assistant District Attorney concerning the testimony, and any plea negotiations or agreements made in exchange for the testimony, of Demarquis Westmoreland and/or Quincy Bullins in Petitioner's case;

7. The depositions of Greg Conley and Robert Jennings regarding any statements or interviews given by Dantron Mitchell related to Petitioner, Eric Bullins, and/or the Britt investigation;

8. The deposition of District Attorney Doug Evans regarding Stephanie Gray's testimony at Petitioner's trial and any favorable treatment she received in exchange for said testimony;

9. The depositions of Greg Conley, Carver Conley, and former Sheriff Alton Strider regarding the brown-handled .38 caliber revolver pictured in Exhibit 45 of the evidence marked at trial, including information related to its handling, processing, and whereabouts;

10. The depositions of Greg Conley and Carver Conley as to any information related to the .38 serial number 7808;

11. The depositions of Steve Byrd and Greg Conley regarding notes, ammunition boxes, and any other source material relied on by Mr. Byrd in his analysis of the Britt case, and is further permitted to depose Chris Wise regarding the Mississippi Crime Lab's ("MCL") possession, and eventual release, of any physical evidence from the Britt case; and

12. The depositions of Greg Conley, Carver Conley, Medical Examiner Richard Crenshaw, and MCL investigators Zeliff and Nethery concerning the Britt crime scene, including information related to the destruction of (or observance of the destruction of) evidence prior to the Mississippi Crime Lab's assumption of control of the scene.

*Id.* The Court denied Petitioner's motion in all other respects, particularly finding Petitioner's request to depose numerous other individuals as unreasonable at the time. *Id.* The Court further found that, "[i]f depositions of the named individuals prove to be inadequate, Petitioner may move to depose others, but must demonstrate "good cause" for any such request." *Id.*

On March 4, 2020, Petitioner moved for discovery related to potential claims for jury discrimination. Doc. # 89. Said motion was precipitated primarily by Respondents' disclosure of annotated venire lists used by District Attorney ("DA") Doug Evans and Assistant District Attorney ("ADA") Clyde Hill at Petitioner's trial. *See id.* The annotated lists included notes as to each prospective juror's race and gender, among other remarks. *Id.* Petitioner requested extensive discovery related to these lists, most of which the Court found to be unwarranted given Petitioner's failure to establish the requisite "good cause". *See* Rule 6 of the Rules Governing § 2254 Cases; Doc. # 95. Consequently, the Court entered an order granting in part and denying in part Petitioner's motion, granting the motion in the following respects:

1. Within sixty days of the date of the Order, if possible, Petitioner was permitted to depose DA Doug Evans and ADA Clyde Hill regarding the aforementioned previously disclosed annotated venire lists; and

2. Within thirty days of the date of the Order, if possible, Respondents must produce any and all completed juror questionnaires returned to the trial court in February 2006, to the extent that they have not already been produced.

*Id.*

This case then proceeded with Petitioner conducting discovery for almost two years. Then, on December 30, 2021, Petitioner moved again for supplemental discovery, in particular requesting permission to extend the deposition of a witness (Mr. Carver Conley) and to depose an additional witness—Mr. Adam Eubanks—an individual not included within the parameters of the Court's previous order allowing depositions. Doc. # 136. The Court granted Petitioner's motion, both permitting more time to depose Mr. Carver Conley and also allowing the deposition of Mr. Adam Eubanks. Doc. # 143. Mr. Eubanks' deposition was limited to the following topics:

1. the substance of any statements given by Eric Bullins related to the Britt investigation;
2. the Britt crime scene, including information related to the destruction of (or observance of the destruction of) evidence prior to the MCL's assumption of control of the case;
3. the brown-handled .38 caliber revolver pictured in Exhibit 45 of the evidence marked at trial, including information relate to its handling, processing, and whereabouts; and

    4. any information related to the .38 serial number 7808.

*Id.* In that Order, the Court noted that Petitioner represented that he foresaw no further request to depose any more individuals and made clear that it expected that representation to be accurate. *See id.*

  Following the conclusion of the aforementioned court-ordered depositions, Respondents filed the instant Motion to Declare Compliance with Discovery Orders and for Enforcement of Revised Scheduling Order. Doc. # 168. In their motion, Respondents contend that they have complied with their discovery obligations as set forth in the Court's orders. *Id.* In opposition, Petitioner focuses heavily on the alleged deficiencies with the local law enforcement investigation of the Britt case and related shortcomings as well as the potential habeas claims associated with these alleged deficiencies. Doc. # 181. Beyond these repeated arguments, Petitioner opines that various areas of discovery have still not been disclosed, renews his request for such discovery, and requests a hearing. *Id.*

  While the Court appreciates Petitioner's dissatisfaction with the production of discovery in this case, i.e., physical documents and records, it is that very reason that the Court granted Petitioner's request to depose a number of individuals. To be sure, the Court has been quite generous in the discovery permitted. After careful review of the parties' submissions, the Court concludes that Respondents have complied with their discovery obligations as best as they possibly can under the circumstances and further believes that permitting any further discovery would simply be futile. Respondents cannot will something, i.e. certain discovery, into existence just because Petitioner believes it should exist. It bears repeating that the Court allowed extensive depositions because of these circumstances about which Petitioner continues to complain.

As the Court has noted before, the instant capital case has now been ongoing for more than four years, and the first order granting discovery was entered over three years ago. While the Court is mindful of the various obstacles which hindered the discovery process, the COVID-19 pandemic in particular, this case must proceed in an efficient manner towards an ultimate resolution.

Upon due consideration, the Court finds that the instant motion [168] to declare compliance with discovery orders and for enforcement of revised scheduling order should be **GRANTED**.[1]  Accordingly, the parties are directed to look to Revised Scheduling Order [57] for the deadlines which must be followed. As set forth in the Scheduling Order, any party seeking an extension of any deadline must file a written motion requesting such extension before the expiration of the deadline and must state in detail the reasons why that party, despite the exercise of due diligence, will be unable to comply with the deadline. Respondents' motion [189] to strike is hereby **denied as moot**.

**SO ORDERED**, this the 3rd day of August 2022.

    /s/Michael P. Mills
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**

---

[1] The Court finds that a hearing is unnecessary to address the merits of the instant motion.