# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**TERRY PITCHFORD**                                                              **PETITIONER**

V.                                          **NO. 4:18-CV-00002-MPM**

**BURL CAIN, MDOC Commissioner; and**
**LYNN FITCH, Attorney General for the state of Mississippi**      **RESPONDENTS**

## ORDER GRANTING PETITIONER'S CONSENT MOTION FOR REVISED SCHEDULING ORDER

This matter comes before the Court upon Petitioner's Consent Motion [194] for Revised Scheduling Order in which he requests a revised scheduling order to account for his forthcoming motions for partial summary judgment and/or a stay of these proceedings to exhaust state court remedies. Upon due consideration and for good cause shown, the Court finds that the instant motion [194] should be **GRANTED**. Accordingly, the scheduling deadlines are hereby revised as follows:

1. Petitioner must file an amended petition for a writ of habeas corpus on or before January 4, 2023.

2. Petitioner shall then be permitted to move for partial summary judgment by February 1, 2023. Respondents shall file a response within thirty (30) days, by Monday, April 4, 2023, and Petitioner may file a reply within thirty (30) days, by May 4, 2023.

3. In the event Petitioner's motion for partial summary judgment is denied, Petitioner shall have thirty (30) days from the entry of the given order to move to stay and hold in abeyance this cause to permit Petitioner to seek available state court remedies concerning his capital judgment. Respondents shall have thirty (30) days to respond to such motion and Petitioner shall have fourteen (14) days to file a reply.

4. In the event Petitioner's motion to stay and abey this cause is denied, Respondents must file an answer or other responsive pleading to Petitioner's amended petition within ninety (90) days of the date of entry of the order denying said motion. The answer or other responsive pleading must conform to the requirements of Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts, and Rule 12 of the Federal Rules of Civil Procedure.

5. Respondents must clearly and directly respond to the issue of whether Petitioner has exhausted available state remedies with regard to each of the claims raised in his pleadings. If Respondents deny that available state remedies have been exhausted as to any of Petitioner's claims, Respondents must explain, in detail, the state remedies still available to Petitioner with regard to each unexhausted claim. If Respondents wish to assert the defense that Petitioner has procedurally defaulted on any claim for relief in the amended petition, Respondents must explicitly assert such defense and identify with specificity which of Petitioner's claims they contend are procedurally barred from consideration by this Court. Respondents may invoke positions and arguments set forth in the preceding motion practice.

6. Within sixty (60) days of the date Respondents serve Petitioner's counsel with a copy of their answer or other responsive pleading, Petitioner must file with the Clerk of this Court and serve on Respondents' counsel of record any reply he wishes to make to the answer or other responsive pleading.

7. Unless otherwise modified by the Court, Petitioner must file and serve, no later than ninety (90) days after service of Respondents' answer or other responsive pleading, a memorandum of law in support of his amended petition. Respondents must file a responsive memorandum within ninety (90) days of service of Petitioner's memorandum. Petitioner may file a reply memorandum within sixty (60) days of service of Respondents' memorandum.

8. Within thirty (30) days of the date Respondents file an answer or other responsive pleading, Respondents must submit to the Clerk of this Court true and correct copies of all pertinent records from Petitioner's state court proceedings. Such records must be submitted in both conventional *and* electronic formats.

9. Any party seeking an extension of any deadline specified above must file a written motion requesting such extension *before* the expiration of the deadline and must state in detail why, despite the exercise of due diligence, that party will be unable to comply with the deadline.

**SO ORDERED**, this the 1st day of November 2022.

                                         /s/Michael P. Mills
                                         **UNITED STATES DISTRICT JUDGE**
                                         **NORTHERN DISTRICT OF MISSISSIPPI**