# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**TERRY PITCHFORD**                                                                         **PETITIONER**

**V.**                                                             **NO. 4:18-CV-00002-MPM**

**BURL CAIN, MDOC Commissioner; and**
**LYNN FITCH, Attorney General for the state of Mississippi**      **RESPONDENTS**

## ORDER GRANTING MOTION TO STAY EXECUTION OF JUDGMENT

This matter comes before the Court on the Respondents' motion to stay this Court's order and final judgment granting Petitioner habeas relief. Doc. #219. On December 12, 2023, the Court entered its memorandum opinion and order and final judgment in which it found Petitioner was entitled to habeas relief on his *Batson* claim,[1] and requiring Respondents to release Petitioner from custody unless he is granted a new trial within 180 days. *See* Doc. #s 216, 217. Respondents have already filed a Notice of Appeal of this Court's Judgment; *see* Doc. # 218, and they seek a stay pending resolution of that appeal. Upon due consideration of the arguments presented in the motion, Petitioner's response, and Respondents' reply, and the nature of this case, the Court finds that the motion should be granted. *See Chamberlin v. Cain, et al.*, No. 2:11-cv-00072-CWR, Doc. # 69 (Order Granting Motion to Stay)(S.D. Miss. May 27, 2015) (citing *Hilton v. Braunskill*, 481 U.S. 770, 778 (1987)).

The Court, however, makes clear that it is not granting this motion because it agrees with Respondents' arguments as to Petitioner's *Batson* claim. The Court further finds it appropriate to note that, upon review of the arguments and statements made in the instant motion, it appears that Respondents misunderstand—at least to an extent—the rationale and basis of the Court's decision.

---

[1] *Batson v. Kentucky*, 476 U.S. 79 (1986).

The Court did not rely on state law in reaching its conclusion, but instead, merely found that other state court cases, one in particular, should have been included in the state appellate court's consideration of the totality of the circumstances, and a totality of the circumstances analysis is *required* under *Batson*. *See Chamberlin v. Fisher*, 885 F.3d 832, 843 (5th Cir. 2018). It bears repeating that no state court performed a full *Batson* analysis in Petitioner's case, and that failure was, in the opinion of this Court, clearly error. The outcome of an appeal, however, is never certain; thus, the Court believes it is in the best interests of all parties to stay the execution of its judgment until such time as the appellate proceedings have concluded.

**IT IS, THEREFORE, ORDERED** that Respondents' motion [219] to stay is hereby **GRANTED**, and execution of the Court's Judgment is stayed pending resolution of Respondents' appeal. Respondents are ordered to notify this Court within thirty (30) days of the entry of the mandate by the United States Court of Appeals for the Fifth Circuit disposing of the appeal of this case.

**SO ORDERED**, this the 12th day of January, 2024.

      /s/Michael P. Mills
      UNITED STATES DISTRICT JUDGE
      NORTHERN DISTRICT OF MISSISSIPPI