IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**TERRY PITCHFORD**                                                                            **PETITIONER**

**V.**                                                  **CIVIL ACTION NO. 4:18-CV-002-MPM**

**BURL CAIN, MDOC Commissioner; and**
**LYNN FITCH, Attorney General for the State of Mississippi**        **RESPONDENTS**

## ORDER DENYING PETITIONER'S MOTION
## TO SUPPLEMENT RECORD WITH TRIAL TRANSCRIPT

This matter comes before the Court on Petitioner's motion [230] to supplement the record with the trial transcript under Rule 10(e) of the Federal Rules of Appellate Procedure. Upon due consideration of the motion, response, and applicable authority, the Court finds that the motion is not well-taken and should be denied.

Petitioner seeks "to add the entire state court trial transcript to the record before this Court and to transmit a certified copy of it to the Fifth Circuit Court of Appeals." Doc. # 230 at 1. In support, Petitioner avers that he cited to the trial transcript in his initial and amended petitions, and that "[s]ome of the petition cites are to transcript pages that appear nowhere in the current record before this Court and therefore nowhere in the Record on Appeal that has been transmitted to the Fifth Circuit." Doc. # 230 at 2.

Petitioner's assertions, although correct, do not necessitate the relief requested. Ordinarily, Respondents must file the state court record, in its entirety, upon filing a responsive pleading to the petition and/or amended petition. However, due to Petitioner's own request, the ordinary scheduling deadlines, including the deadline for the filing of Respondents' responsive pleading *and* the state court record, were suspended until after Petitioner's motion for partial summary judgment (and, potentially a motion to stay and abey these proceedings) was addressed.

*See* Doc. #s 194, 196, 198, 204 (Petitioner's Motion for Revised Scheduling Order and Extensions of Time to File Motion for Partial Summary Judgment); #s 195, 197, 199, 206 (Orders Granting Petitioner's Motions for Revised Scheduling Order and Extensions of Time to File Motion for Partial Summary Judgment).

This Court granted habeas relief on Petitioner's *Batson* claim pursuant to his motion for partial summary judgment. *See* Doc. #s 216, 217. Thus, the ordinary deadlines were no longer applicable, and the state court record has never been filed. The voir dire transcript, which Petitioner attached and relied on in moving for partial summary judgment, and this Court likewise relied on in granting habeas relief, is the only portion of the state-court record which has been filed. Respondents timely appealed the aforementioned ruling, and that appeal is currently pending before the Fifth Circuit Court of Appeals.

Under Rule 10(a) of the Federal Rules of Appellate Procedure,

The following items constitute the record on appeal:

(1) the original papers and exhibits filed in the district court;
(2) the transcript of proceedings, if any; and
(3) a certified copy of the docket entries prepared by the district clerk.

F.R.A.P. 10(a). The full state-court trial transcript was *not* "filed in the district court"; is *not* part of "the transcript of proceedings" in the district court; and is *not* "a certified copy of the docket entries prepared by the district clerk." Consequently, the full state-court transcript does *not* constitute part of the record on appeal. Rather, only the state-court voir dire transcript is part of the record on appeal as it was the only portion "filed in the district court" before this Court entered its order granting habeas relief.

Rule 10(e) of the Federal Rules of Appellate Procedure, on which Petitioner relies in the instant motion, provides as follows:

> If anything material to either part is omitted from or misstated in the record by error or accident, the omission or misstatement may be corrected and a supplemental record may be certified and forwarded:
>
> (A) on stipulation of the parties;
> (B) by the district court before or after the record has been forwarded; or
> (C) by the court of appeals

F.R.A.P. 10(e). The Court notes at the outset that the requested supplementation has not been stipulated by the parties. By its own terms, Rule 10(e) provides for a way to correct the record on appeal, not to alter it. More to the point, Rule 10(e) "ensure[s] that the record on appeal accurately reflects what happened in the district court", but "is not designed to supply what might have been done in the district court but was not." *Ghali v. United States*, 455 F. App'x 472, 476 (5th Cir. 2011) (per curiam)(internal quotation marks and brackets omitted). The current record on appeal is accurate as to "what happened in [this Court]." This is so because it includes the voir dire transcript which was the only portion of the state-court trial transcript which the parties filed and the only record material on which this Court based its decision.

In sum, Petitioner has failed to show that there are any portions "omitted [] or misstated in the record by error or accident", but instead merely seeks to alter the record with portions of the state-court record which were *not* before the Court at any time and, resultingly, would *not* be material to the issues currently before the appellate court. Accordingly, Petitioner's motion [230] to supplement record with trial transcript is hereby **DENIED**.

**SO ORDERED**, this the 21st day of May, 2024.

  /s/Michael P. Mills  
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**

3